THE HUMESTON & SHENANDOAH RAILWAY COMPANY V.
THE CHICAGO, ST. PAUL & KANSAS
CITY RAILWAY COMPANY.

1. **Railroads**: RIGHT TO CROSS AT GRADE. The defendant was about to construct its road so as to cross plaintiff's track at grade. Plaintiff's track is level for three hundred feet east and nine hundred feet west of the proposed point of crossing. Just east of this level portion the track descends at the rate of thirty-seven feet per mile for one thousand feet, and just west of it there is an ascending grade varying from six to seventy feet per mile for seven thousand feet. On account of these grades, and the necessity of stopping all trains before crossing another track at grade (see Laws of 1884, chap. 163), the cost, danger and inconvenience of operating plaintiff's road would be much increased by the proposed crossing at grade. In view of these facts, and of the further fact that the cost of an under crossing would be only about fifteen thousand dollars more than the proposed grade crossing, *held* that defendant was not entitled, under section 1265 of the Code, to cross at grade, and that the construction of the proposed crossing was properly enjoined.

2. ———: CROSSING AT GRADE: INJUNCTION AFTER MONEY EXPENDED: REIMBURSEMENT. The question as to how defendant's road should cross that of plaintiff having been submitted to the railroad commissioners, they recommended an under crossing. Such a crossing would require considerable change in plaintiff's established track. Without asking leave to make these changes, and in disregard of the recommendation of the commissioners, defendant expended about six thousand dollars in the construction of a grade crossing, which is sought in this action to be enjoined. *Held* that the expenditure was a voluntary one on the part of defendant, and that plaintiff was under no obligation to reimburse it that amount in order to obtain from a court of equity the injunction which it sought, and which the court found it otherwise entitled to.

*Appeal from Ringgold District Court.*—HON. JOHN W. HARVEY, Judge.

FILED, MAY 26, 1888.

PLAINTIFF owns and operates a line of railroad, the *termini* of which are at Humeston, in Wayne county, and Shenandoah, in Page county. Defendant is engaged

in constructing a railroad between Des Moines and Kansas City, which will cross plaintiff's road in the valley of West Grand river, in Ringgold county. It was proceeding to construct a crossing at grade, when plaintiff brought this action for the purpose of compelling it to adopt either an over or under crossing. This ·appeal is by defendant, from an order made by the judge in vacation allowing a temporary injunction.

*Hubbard & Dawley*, for appellant.

*W. W. Morsman*, for appellee.

REED, J.—Plaintiff's complaint, in substance, is that the operation of its road would be unnecessarily and unreasonably impeded, and the dangers incident to its operation greatly increased, by a grade crossing at the point selected by defendant. The track of plaintiff's road is level for a distance of three hundred feet east and nine hundred feet west of the proposed point of crossing. Commencing at a point one thousand feet east of that·point, and extending to within three hundred feet of it, there is an ascending grade of thirty-seven feet per mile, and commencing nine hundred feet west of the point there is an ascending grade for seven thousand feet, varying from six feet to seventy feet per mile.

1. RAILROADS: right to cross at grade.

The provision of the statute prescribing and governing the rights of the parties is found in section 1265 of the Code, which is as follows: "Any such corporation may construct and carry its railroad across, over or under any railway, canal or water-course, when it may be necessary in the construction of the same; and, in such cases, said corporation shall so construct its crossing as not unnecessarily to impede the travel, transportation or navigation upon the railway, canal or stream so crossed. * * *" The inquiry in the case is whether the travel and transportation would be unnecessarily impeded by the construction of a grade crossing at the point selected by defendant for crossing its

track. Under chapter 163, Acts Twentieth General
Assembly, a railroad company whose track intersects or
is intersected by other railroad tracks on the same level
is required to bring all trains to a stop before reaching
the crossing. Under that requirement, grade crossings
necessarily have the effect to impede to some extent
travel and transportation on the lines. But the right to
construct and maintain such crossings under proper
conditions is clearly recognized both by that chapter and
section 1265, and the inconvenience and delay which
arise from their use under such circumstances must be
borne by the companies whose business is thus inter-
fered with. But by the latter section the duty is
imposed upon the company constructing the intersecting
line to so construct the crossing as not unnecessarily to
interfere with the operation of the other road; and
whether a crossing at grade would in any case amount
to an unnecessary obstruction of the business must be
determined from the circumstances of that particular
case. The condition of the track, the grades at and
near the point of intersection, the relative cost of an
over or under crossing as compared with that of a grade
crossing, and the increase of danger in the operation of
the road, are proper matters to be considered. It is very
apparent, from the foregoing statement, as to the grades
in plaintiff's track near the point of intersection, that
the operation of its trains will be greatly impeded if a
crossing at grade should be maintained. All trains
approaching the crossing from the east must, under the
requirements of the statute, be brought to a stop not
less than two hundred feet from it. They must neces-
sarily be stopped on the ascending grade. The difficulty
of starting a heavy train under such circumstances is
known to all persons who have had any opportunity to
observe the operation of railroads; and in addition to
this would be the difficulty of acquiring sufficient
momentum before reaching the ascending grade to the
west of the crossing to carry the train over it. The
trains approaching from the west would necessarily be
required to stop on the descending grade. This would

be attended with many difficulties, and there would be constant danger of collision upon the crossing. The cost of an over crossing in excess of that of one at grade would be fifty thousand dollars or more, and its construction would necessitate a grade in defendant's track of fifty-three feet per mile. If there was no election except between an over crossing and one at grade, we might not be disposed to require defendant to incur this additional cost and the inconvenience which would arise from the construction of its track at that grade. But the evidence shows that a crossing under plaintiff's track can be constructed at a cost of less than fifteen thousand dollars in excess of that of a crossing at grade, and by adopting that course the objectionable grade can be also avoided. In view of these facts, we think plaintiff should not be required to incur the inconvenience and cost and danger which the construction of a crossing at grade would necessarily create. It is true that the business done on its road is very small in comparison with that done on the great lines of the country. Its trains are comparatively light, and the inconvenience of the grade crossing would not be as great as in the case of a more important road; but that is not controlling. The grade crossing, we think, would unnecessarily impede the travel and transportation on its road.

When the controversy first arose, plaintiff filed a complaint before the railroad commissioners, who made an examination, and recommended that the 2. ——: crossing at grade: injunction after money expended: reimbursement. crossing be constructed either under or over the track. The construction of an under crossing involves a very considerable change in plaintiff's track, but it did not at that time make any offer to permit that change. In this action, however, it filed its consent to the making of that change. But in the meantime defendant had done work costing something over six thousand dollars, which will be valueless if the under crossing should be adopted. It was contended by appellant that plaintiff should reimburse it for that expenditure, and that it

could have no standing in a court of equity without having tendered the amount. Appellant, however, made no demand for permission to make the change in plaintiff's track, but proceeded, in total disregard of the recommendation of the commissioners, to construct the crossing at grade. If plaintiff had denied the right to make the change, and defendant had made the expenditure under that denial, the cause would have been very different; but, under the circumstances, the expenditure must be regarded as having been voluntarily made. The order appealed from is right, and it will be

AFFIRMED.